ANTHONY L. MARTIN
Nevada Bar No. 8177
anthony.martin@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 West Charleston, Blvd. Suite 500
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant TELUS International (U.S.) Corp.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIELLE MEAGHER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELUS INTERNATIONAL (U.S.) CORP.,<br><br>Defendant. | Case No.:   2:20-cv-02074-RFB-DJA<br><br>**REVISED JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

This Revised Joint Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement") is made and entered into by and between Plaintiff Brielle Meagher ("Plaintiff") on behalf of herself and all others similarly situated, and Defendant TELUS International (U.S.) Corp. ("Defendant" or "TELUS International").  Plaintiff and Defendant are collective referred to herein as the "Parties."

THE PARTIES STIPULATE AND AGREE as follows:

1.      The following terms shall have the meanings ascribed to them below:

a.      "Action" means the lawsuit captioned as Brielle Meagher v. TELUS International, filed in the United States District Court, District Court of Nevada, Case No. 2:20-cv-02074-RFB-DJA, and all other lawsuits previously filed, alleging the same or substantially the same facts and theories identified in the "Released Claims" (defined below).

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

DocuSign Envelope ID: 22A458E5-B8D0-459C-BE65-B7C4F5B78516

b.       "Claims Administrator" means Simpluris, Inc. or such other claims administrator as may be mutually agreeable to the Parties.

c.       "Class Counsel" means Nicholas R. Conlon and Zijian Guan of Brown, LLC in Jersey City, New Jersey and Don Springmeyer of Kemp Jones, LLP in Las Vegas, Nevada.

d.       "Class Counsel Award" shall have the meaning ascribed to it in Paragraph 12 below.

e.       "Class Members" means those individuals that are within one or both of the subclasses comprising the "Settlement Class" (defined below), each of whom is a "Class Member."

f.       "Class Representative" means Plaintiff Brielle Meagher.

g.       "Court" means the United Stated District Court, District of Nevada.

h.       Court's "Preliminary Approval Order" means the preliminary order approving the Settlement, as more fully described in Paragraph 19 below, and in substantially the form attached hereto as **Exhibit E**, and as approved by the Court.

i.       Court's "Final Order and Judgment" means the Final Order Approving Class Action Settlement and Judgment, as more fully described in Paragraph 20 below, and in substantially the form attached hereto as **Exhibit F**, and as approved by the Court.

j.       "Defendant" or "TELUS International" means TELUS International (U.S.) Corp.

k.       "Effective Date" shall have the meaning ascribed to it in Paragraph 10(b) below.

l.       "Enhancement Award" means, subject to approval by the Court, a maximum payment of Ten Thousand Dollars and Zero Cents ($10,000.00) to the Class Representative from the Maximum Settlement Amount, which is in addition to the Class Representative's individual Settlement Award and Individual Claims Award pursuant to this Settlement.

m.      "FLSA Collective Subclass" means all persons who worked for Defendant in the positions of Operations CSR, Operations CSR II, Operations CSR III, Operations CSR IV, Operations CSR V, Operations CSR VI, Operations Technical Support Rep, Operations Technical Support Rep II, Operations Technical Support Rep III, Operations Technical Support Rep IV,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1   and/or Travel Counselor at Defendant's call centers in Austin, Texas and/or Las Vegas, Nevada at

2   any time within the period of November 12, 2017 through July 1, 2021, who performed work off

3   the clock prior to the beginning of their scheduled shift in excess of 40 hours in a given workweek,

4   and/or who were paid an improper rate of overtime pay for hours worked in excess of 40 in a given

5   workweek, excluding employees who were hired to work in California at any time in the FLSA

6   Collective Subclass Period and who signed binding arbitration agreements and  class action

7   waivers, and further excluding employees who were hired by Defendant on or after January 1,

8   2020 and who signed binding arbitration agreements and class action waivers.

9   n.   "FLSA Collective Subclass Period" means the period of November 12, 2017

10  through July 1, 2021.

11  o.   "Individual Claims Award" means, subject to approval by the Court, a

12  maximum payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00) to the Class

13  Representative from the Maximum Settlement Amount, which is in addition to the Class

14  Representative's individual Settlement Award and Enhancement Award pursuant to this

15  Settlement.

16  p.   "Maximum Settlement Amount" shall be as defined in Paragraph 10(c)

17  below.

18  q.   "Net Settlement Amount" shall be as defined in Paragraph 10(c) below.

19  r.   "Notice" means the Notice of Pendency of Class Action, Proposed

20  Settlement and Hearing Date for Final Court Approval, and in substantially the forms attached

21  hereto as **Exhibit A**, and as approved by the Court.

22  s.   "Objection Deadline" means the date that is sixty (60) calendar days

23  following the initial mailing of the Notice by the Claims Administrator to Class Members.

24  t.   "Parties" means collectively the Plaintiff and Defendant, each of whom is a

25  "Party.

26  u.   "Participating FLSA Collective Subclass Members" means persons who fall

27  within the FLSA Collective Subclass who submit timely, valid Claim Forms, and/or who

28  previously filed consent forms in the Action that were not withdrawn.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

- 3 -

1    v.    "Plaintiff" means Plaintiff Brielle Meagher, on behalf of herself and all

2 others similarly situated.

3    w.    "Qualifying Workweeks" means all workweeks in which a Class Member

4 worked in a position included in the FLSA Collective Subclass and Rule 23 Settlement Subclass

5 and was paid for at least thirty-five (35) hours of work, as reflected in Defendant's payroll and/or

6 personnel records.

7    x.    "Released Claims" means the claims to be released by the Settlement Class

8 as fully set forth in Paragraph 18 of this Agreement.

9    y.    "Released Parties" collectively means: (i) Defendant (ii) Defendant's

10 respective past, present and future parents, related entities, subsidiaries, joint ventures, and

11 affiliates; (iii) the past, present and future shareholders, directors, owners, officers, members,

12 managers, agents, employees, attorneys, insurers, predecessors, successors, licensors, licensees,

13 subsidiaries and assigns of any of the foregoing; and (iv) any individual or entity which could be

14 jointly liable with any of the foregoing.

15    z.    "Rule 23 Settlement Subclass" means all persons who worked for Defendant

16 in the positions of Operations CSR, Operations CSR II, Operations CSR III, Operations CSR IV,

17 Operations CSR V, Operations CSR VI, Operations Technical Support Rep, Operations Technical

18 Support Rep II, Operations Technical Support Rep III, Operations Technical Support Rep IV,

19 and/or Travel Counselor at  Defendant's call centers in Las Vegas, Nevada at any time within the

20 period of November 12, 2018 through July 1, 2021, who performed work off the clock prior to the

21 beginning of their scheduled shift in excess of 40 hours in a given workweek, and/or who were

22 paid an improper rate of overtime pay for hours worked in excess of 40 in a given workweek,

23 excluding any employees who were hired to work in California at any time in the Rule 23

24 Settlement Subclass Period and who signed binding arbitration agreements and  class action

25 waivers, and further excluding employees who were hired by Defendant on or after January 1,

26 2020 and who signed binding arbitration agreements and  class action waivers.

27    aa.    "Rule 23 Settlement Subclass Period" means the period of November 12,

28 2018 through July 1, 2021.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1    bb.    "Settlement" or "Stipulation of Settlement" or "Agreement" means this Joint

2 Stipulation of Settlement and Release between Plaintiff and Defendant.

3    cc.    "Settlement Awards" means Settlement amounts paid by Defendant (on

4 behalf of the Released Parties) to eligible Class Members according to a specified formula

5 submitted as further described herein.

6    dd.    "Settlement Class" means the FLSA Collective Subclass and the Rule 23

7 Settlement Subclass, collectively.

8    2.    Plaintiff filed a Complaint in federal court against Defendant in the United States

9 District Court, District of Nevada on November 12, 2020.  Plaintiff alleged various causes of

10 action for unpaid wages on behalf of herself and all similarly situated individuals under the Fair

11 Labor Standards Act ("FLSA") and Nevada Revised Statutes.  Specifically, Plaintiff alleged claims

12 for (1) violation of the FLSA for failure to pay overtime wages; and (2) failure to pay regular and

13 overtime wages in violation of NRS 608.016, 608.018, and NRS 608.260.

14    Following the filing of this Action, the Parties engaged in extensive discussions regarding

15 their respective positions and the information and data needed to properly evaluate the merits of

16 the claims alleged.  The parties also engaged in informal discovery.  Defendant's counsel provided

17 Class Counsel with de-identified time and payroll data.  Following extensive discussions regarding

18 the strengths of their respective positions, the Parties reached a proposed class action settlement

19 through arms-length negotiations with the assistance of retired federal Judge Philip Pro.

20    3.    The Parties now enter into this Stipulation of Settlement for preliminary and final

21 Court approval of the Settlement.  Solely for the purpose of settling this case, the Parties stipulate

22 and agree to the certification of the Settlement Class and its subclasses.  The Parties agree that, if

23 for any reason, the Settlement is not preliminarily and finally approved, the certification of the

24 Settlement Class will be of no force or effect, and does not constitute an admission by Defendant

25 that Class certification is proper, and will not be deemed admissible in this or any other

26 proceeding, and that the Parties will litigate the issue of class certification.

27    4.    This Settlement is not an admission of any liability or wrongdoing by Defendant or

28 any Released Party.    Defendant, on its own behalf and on behalf of the Released Parties,

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1   specifically denies any liability or wrongdoing of any kind whatsoever for the claims alleged in the

2   Action and further denies that, for any purpose other than settling the Action, the Action is

3   appropriate for class or representative treatment. With respect to Plaintiff's claims, Defendant

4   contends, among other things, that it has complied with all applicable state, federal and local laws

5   affecting Plaintiff and the other Class Members regarding unpaid wages, unpaid overtime, and

6   penalties.

7   5.      It is the desire of the Parties to fully, finally and forever settle, compromise, and

8   discharge all Released Claims. To achieve a full and complete release of all Released Claims, each

9   Class Member acknowledges that this stipulation of Settlement is intended to include in its effect

10  all claims reasonably arising out of the allegations made in the Action and all Released Claims

11  against Defendant as of the date of the Court's Final Order and Judgment.

12  6.      It is the intention of the Parties that this Stipulation of Settlement shall constitute a

13  full, final, and complete settlement and release of all Released Parties with respect to all Released

14  Claims.

15  7.      Class Counsel have conducted a thorough investigation into the facts of the Action,

16  including an extensive review of relevant documents and data, and have diligently pursued an

17  investigation of Class Members' claims against Defendant and the other Released Parties. Based

18  on their independent investigation and evaluation, Class Counsel are of the opinion that the

19  Settlement is fair, reasonable and adequate and is in the best interest of the Settlement Class in

20  light of all known facts and circumstances, including the risk of significant delay, the potential that

21  class certification may not be granted, the defenses asserted by Defendant, and numerous potential

22  appellate issues. For purposes of facilitating this Settlement only, Defendant and Defendant's

23  counsel also agree that the Settlement is fair and in the best interest of the Settlement Class.

24  8.      The Parties agree to cooperate and take all steps necessary and appropriate to

25  consummate this Settlement after all Settlement sums have been paid out in accordance with this

26  Stipulation of Settlement.

27  9.      This Stipulation of Settlement provides for a claims process requiring Defendant, on

28  behalf of the Released Parties, to pay Settlement Awards according to specified formulas, as

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

1   defined below.  Settlement Awards will be allocated from the "Net Settlement Amount" (defined

2   below in Paragraph 10(c)).  Defendant's aggregate maximum total payment under the Settlement,

3   inclusive of all amounts for all claims, Class Counsel's attorneys' fees and litigation costs, the

4   Enhancement Award, the Individual Claims Award, the reasonable fees and expenses of the

5   Claims Administrator approved by the Court, and any and all other payments provided by this

6   Settlement (other than the normal employer's portion of payroll taxes associated with each Class

7   Member's Settlement Award), will not exceed One Million Four Hundred Thousand Dollars and

8   Zero Cents ($1,400,000.00) as set forth in Paragraph 10(c) below ("Maximum Settlement

9   Amount").  It is further understood and agreed by the Parties that the following amounts shall be

10  paid from the Maximum Settlement Amount: (a) all Settlement Awards; (b) the Enhancement

11  Award approved by the Court; (c) the Individual Claims Award approved by the Court; (d) the

12  reasonable fees and expenses of the Claims Administrator approved by the Court; and (e) Class

13  Counsel's attorney's fees and litigation costs approved by the Court.  It is further understood and

14  agreed by the Parties that the normal employer's portion of payroll taxes associated with each

15  Class Member's Settlement Award shall not be paid from the Maximum Settlement Amount.  By

16  virtue of the Settlement and in connection with the Action, Defendant and the Released Parties

17  shall have no obligation to pay any person or entity any amounts beyond the Maximum Settlement

18  Amount, other than the normal employer's portion of payroll taxes associated with each Class

19  Member's Settlement Award.

**TERMS OF SETTLEMENT**

21      10.     NOW THEREFORE, in consideration of the mutual covenants, promises and

22  agreements set forth herein, the Parties agree, subject to the Court's approval, as follows:

23          a.      Settlement All-Inclusive:  It is agreed by and among Plaintiff and Defendant

24  that the Action and all Released Claims, damages or causes of action of any kind arising out of the

25  disputes that reasonably arise or could have arisen out of the facts alleged in the Action, be settled

26  and compromised as between the Settlement Class on the one hand and Defendant and the

27  Released Parties on the other hand, subject to the terms and conditions set forth in this Stipulation

28

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1  of Settlement and the approval of the Court.  This Settlement shall bind the Class Members,

2  Defendant and its counsel, subject to the terms and conditions hereof and the Court's approval.

3  b.     Effective Date:  The Settlement embodied in this Stipulation of Settlement

4  shall become effective when all of the following events have occurred ("Effective Date"):  (i) this

5  Stipulation of Settlement has been executed by all Parties, Class Counsel and Defendant's Counsel;

6  (ii) the Court has given preliminary approval to the Settlement; (iii) the Notice has been sent to the

7  Settlement Class and subclasses, providing them with an opportunity to submit a Claim Form or

8  Request for Exclusion/Opt-Out Form or to object to the Settlement; (iv) the Court has held a

9  formal fairness hearing and entered the Court's Final Order and Judgment Dismissing the Action;

10  and (v) in the event there are written objections filed prior to the formal fairness hearing that are

11  not later withdrawn, the latest of the following events:  (A) when the period for filing any appeal,

12  writ or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or

13  other appellate proceeding having been filed; (B) when any appeal, writ or other appellate

14  proceeding opposing the Settlement has been dismissed finally and conclusively with no right to

15  pursue further remedies or relief; or (C) when any appeal, writ or other appellate proceeding has

16  upheld the Court's Final Order and Judgment with no right to pursue further remedies or relief.  In

17  this regard, it is the intention of the Parties that the Settlement shall not become effective until the

18  Court's Final Order and Judgment is completely final and there is no further recourse by any

19  appellant or objector who seeks to contest the Settlement.  It is further agreed by the Parties that

20  this Settlement shall not become effective if Defendant, contrary to Paragraph 10(c) below, is

21  required to pay to any person or entity any amounts beyond the Maximum Settlement Amount,

22  other than the normal employer's portion of payroll taxes associated with each Class Member's

23  Settlement Award.  The occurrence of the Effective Date is a prerequisite to any obligation of

24  Defendant to pay any funds into the Settlement Account.

25  c.     Maximum Settlement Amount and Net Settlement Amount:  To implement

26  the terms of this Settlement, Defendant agrees to pay a maximum amount of One Million Four

27  Hundred Thousand Dollars and Zero Cents ($1,400,000.00) for the "Maximum Settlement

28  Amount," which includes all Settlement Awards to Class Members, the Enhancement Award and

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

the Individual Claims Award to the Class Representative, the attorneys' fees and litigation costs to Class Counsel, and the claims administration costs and expenses. All claims disbursed to all Class Members, the Enhancement Award and the Individual Claims Award to the Class Representative, the attorneys' fees and litigation costs of Class Counsel, and the fees and expenses of the Claims Administrator shall be paid out of the Maximum Settlement Amount. The "Net Settlement Amount" will be calculated by deducting from the Maximum Settlement Amount the following: (a) the Enhancement Award to the Class Representative approved by the Court; (b) the Class Counsel Award (for Class Counsel's attorneys' fees and expenses) approved by the Court; and (c) the Claims Administrator's reasonable fees and expenses approved by the Court ("Net Settlement Amount"). Settlement Awards to the Class Members will be calculated by the Claims Administrator and paid out of the Net Settlement Amount, as set forth below.

     d.    Net Settlement Breakdown: Eighty percent (80%) of the Net Settlement Amount, estimated to be at least $678,666.67, shall be apportioned amongst the members of the FLSA Collective Subclass ("FLSA Settlement Fund"), and individual shares thereof shall be distributed to the Participating FLSA Collective Subclass Members. Of the funds apportioned to FLSA Collective Subclass members who do not submit timely, valid Claim Forms, fifty percent (50%) shall remain that of Defendant, and the remaining fifty percent (50%) shall be distributed as a *cy pres* donation to Nevada Legal Services. Twenty percent (20%) of the Net Settlement Fund, estimated to be at least $ $169,666.67, shall be apportioned to the Rule 23 Class ("Nevada State Law Settlement Fund"), and individual shares thereof shall be distributed to all Rule 23 Class Members who do not opt out of the Class. The monies belonging to any Class Members who opt out of the Classshall be distributed amongst the remaining Rule 23 Class Members proportionately with the amounts of their Settlement Awards from the Nevada State Law Settlement Fund.

     e.    Settlement Awards to the FLSA Collective Subclass and Rule 23 Settlement Subclass members:

     (i)    Subject to the terms and conditions of this Agreement, the Claims Administrator will distribute a payment from 80% of the Net Settlement Amount, *i.e.* the FLSA Settlement Fund, to each FLSA Collective Subclass member, according to a calculation of

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

1  Settlement Awards to Class Members.  Settlement Awards to the FLSA Collective Subclass will be
2  determined by the Claims Administrator according to their Qualifying Workweeks within the time
3  period covered by the FLSA Collective Subclass.  Defendant will provide the Claims
4  Administrator, and no one else, with the excel spreadsheet setting out the total number of
5  Qualifying Workweeks for each FLSA Collective Subclass member during the FLSA Collective
6  Subclass Period.  The Claims Administrator shall assign to each FLSA Collective Subclass
7  Member a "Settlement Ratio," which shall be a percentage of the total Qualifying Workweeks
8  worked by all FLSA Collective Subclass members in the FLSA Collective Subclass Period and the
9  total Qualifying Workweeks in the FLSA Collective Subclass Period for each individual FLSA
10  Collective Subclass Member.  The Claims Administrator shall then assign to each FLSA Collective
11  Subclass Member a "Settlement Award" which shall be calculated by multiplying that Subclass
12  Member's Settlement Ratio by the FLSA Settlement Amount. If the total value of the Settlement
13  Awards attributable to the Participating FLSA Collective Subclass Members is less than fifty
14  percent (50%) of the amount of the FLSA Settlement Fund, the difference shall be added to the
15  Settlement Awards of all Participating FLSA Collective Subclass Members on a *pro rata* basis
16  according to their Settlement Ratios. The Claims Administrator will distribute a payment of a
17  Settlement Award to each Participating FLSA Collective Subclass Member.  Any portion of the
18  FLSA Settlement Fund that remains after payment of the Settlement Awards to Participating FLSA
19  Collective Subclass Members will be treated as follows: fifty percent (50%) shall remain that of
20  Defendant, and the remaining fifty percent (50%) shall be distributed as a *cy pres* donation to
21  Nevada Legal Services.

22          (ii)     Subject to the terms and conditions of this Agreement, the Claims
23  Administrator will distribute a payment from 20% of the Net Settlement Amount, *i.e.* the Nevada
24  State Law Settlement Fund to each Rule 23 Settlement Subclass member according to a calculation
25  of Settlement Awards to Class Members.  Settlement Awards to the Rule 23 Settlement Subclass
26  will be determined by the Claims Administrator according to their Qualifying Workweeks within
27  Rule 23 Settlement Subclass Period.  Defendant will provide the Claims Administrator, and no one
28  else, with the excel spreadsheet setting out the total number of Qualifying Workweeks for each

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

Rule 23 Settlement Subclass member during the Rule 23 Settlement Subclass Period. The Claims Administrator shall assign to each Rule 23 Settlement Subclass member a "Settlement Ratio," which shall be a percentage of the total Qualifying Workweeks all Rule 23 Settlement Subclass members in the Rule 23 Settlement Subclass Period and the total Qualifying Workweeks in the Rule 23 Settlement Subclass Period for each individual Rule 23 Settlement Subclass member. The Claims Administrator shall then assign to each Rule 23 Settlement Subclass a "Settlement Award" which shall be calculated by multiplying that Class Member's Settlement Ratio by the Nevada State Law Settlement Fund. The Claims Administrator will distribute a payment of a Settlement Award to each Rule 23 Settlement Subclass member who does not opt-out of the Rule 23 Class.

f. Taxes, Withholdings, and Allocation: Settlement Awards for each FLSA Collective Subclass member and Rule 23 Settlement Subclass member will be allocated from the Net Settlement Amount and paid as follows: one-half (1/2) will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue and one-half (1/2) will be allocated to alleged unpaid penalties and interest for which IRS Forms 1099-MISC will issue. Each Class Member who receives a Settlement Award shall pay his/her share of payroll taxes from the one-half (1/2) of the Settlement Award allocated to alleged unpaid wages. Accordingly, each Settlement Award will be reduced by applicable payroll tax withholdings and deductions. Defendant shall pay the normal employer's portion of payroll taxes separately, as calculated by the Claims Administrator.

g. Settlement Awards Do Not Trigger Additional Benefits: All Settlement Awards to Class Members shall be deemed to be income to such Class Members solely in the year in which such awards actually are received by the Class Members. It is expressly understood and agreed that the receipt of such Settlement Awards will not entitle any Class Member to additional compensation or benefits under any bonus, contest or other compensation or benefit plan or agreement in place during the period covered by the Settlement, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement that the Settlement Awards provided for in this Agreement are the sole payments to be made by Defendant to the Class Members in connection with this Settlement, and that the Class Members are not entitled to any new or

additional compensation or benefits as a result of having received the Settlement Awards (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement).

      h.     Class Representative:  Subject to Court approval, Defendant agrees to pay Class Representative, on behalf of the Released Parties, an Enhancement Award of $10,000.00 for her service as Class Representative, and an Individual Claims Award of $15,000.00 as consideration for releasing her claims as provided in Paragraph 18(c).  The Enhancement Award and Individual Claims Award shall be part of the Maximum Settlement Amount.  Defendant will not object to Class Counsel's application for Court approval of the Enhancement Award to Plaintiff.  It is understood the Enhancement Award and Individual Claims Award is in addition to any individual Settlement Award to which Plaintiff is entitled along with other Class Members.  The Claims Administrator will issue to the Class Representative an IRS Form 1099 for the Enhancement Award and Individual Claims Award, and the Class Representative will be solely responsible for correctly characterizing the Enhancement Award and Individual Claims Award for tax purposes and for paying any taxes on the amounts received.  Class Representative agrees to execute to general release of all claims in exchange for the Individual Claims Award, as described in Paragraph 18(c).  Class Representative will not be required to submit a claim for in order to receive her Enhancement Award, the Individual Claims Award, and/or her individual Settlement Award under the Settlement.  Should Class Counsel request a lesser amount, or the Court approves a lesser amount for the Enhancement Award and/or the Individual Claims Award, the difference between the lesser amount and the maximum amount set forth above shall be added to the Net Settlement Amount. The Enhancement Award and the Individual Claims Award approved by the Court shall be distributed to the Class Representative by the Claims Administrator within sixty (60) calendar days of its receipt from Defendant of funds into the Settlement Account, as described in Paragraph 10(j).

      i.     Establishment of Settlement Account:  The Claims Administrator shall establish a qualified settlement fund for the purpose of distributing Settlement Awards and other payments identified in this Agreement ("Settlement Account").  Within fourteen (14) days

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

- 12 -

<sup></sup>

1   following preliminary approval of the Settlement, Defendant shall deposit Five Hundred Thousand

2   Dollars and No Cents ($500,000.00) of the total Settlement Amount into the Settlement Account.

3   j. No later than fourteen (14) days following the Effective Date, Defendant shall

4   deposit into the Settlement Account an amount that, when added to the $500,000.00 previously

5   deposited as provided herein, will be sufficient to pay: (a) all Settlement Awards; (b) the

6   Enhancement Award approved by the Court; (c) the Individual Claims Award approved by the

7   Court; (d) the reasonable fees and expenses of the Claims Administrator approved by the Court; (e)

8   Class Counsel's attorney's fees and litigation costs approved by the Court; and (f) the normal

9   employer's portion of payroll taxes associated with each Class Member's Settlement Award.

10   Defendant shall have no obligation to pay any additional funds into the Settlement Account with

11   the sole exception of potential payroll taxes associated with each Class Member's Settlement

12   Award, if any. Should the Court not grant preliminary and/or final approval of the Settlement, all

13   monies shall be returned to Defendant and the parties shall work in good faith to the revise the

14   Settlement and/or to re-file their motion for preliminary and/or final approval, provided that if the

15   parties are unable to reach an agreement to revise the Settlement and/or re-file their motion for

16   preliminary and/or final approval despite their good faith attempts, the parties will resume

17   litigation.

### CLAIMS ADMINISTRATION

19   11. The Claims Administrator will send out to the Class Members the appropriate

20   Notice and forms by first class United States mail[1] The Claims Administrator will review the

21   Class Members data based on Defendant's records and will calculate the Settlement Awards to

22   Class Members in accordance with this Stipulation of Settlement. The Claims Administrator shall

23   report in writing the substance of its findings to the Parties. The Claims Administrator shall be

24   granted reasonable access to Defendant's records to perform its duties. At the request of the

25   Parties and upon receipt of funds from Defendant, the Claims Administrator shall issue and mail

- 13 -

1    the Settlement Award checks to the eligible Class Members within thirty (30) calendar days of its

2    receipt from Defendant of funds into the Settlement Account, as described in Paragraph 10(j).

3        Each Class Member to whom a Settlement Award is mailed must cash the checks

4    comprising such Award within 180 days after it is mailed to him or her. If a check is returned to

5    the Claims Administrator, the Claims Administrator may make such efforts, if any, as it deems to

6    be reasonable to re-mail it to the Class Member at his or her correct address. Within 210 days after

7    the Claims Administrator mails the Settlement Award checks, Claims Administrator shall prepare

8    and send to Class Counsel and Defendant's counsel an accounting that identifies any check issued

9    but not cashed. Within 10 days after the final accounting, the Claims Administrator will issue a

10   check in the amount of the value of uncashed checks, if any, to the Nevada Legal Services. If a

11   Settlement Award check remains uncashed by the expiration of the 180-day period, the Class

12   Member will nevertheless remain bound by the Settlement.

13       Tax treatment of the Settlement Awards will be as set forth herein, and in accordance with

14   state and federal tax laws; provided, however, Plaintiff and other Class Members herein

15   acknowledge that Defendant's counsel has not provided any tax advice. All disputes relating to the

16   Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which

17   will have continuing jurisdiction over the terms and conditions of this Stipulation of Settlement

18   until all payments and obligations contemplated by this Stipulation of Settlement have been fully

19   carried out.

20       The Claims Administrator shall be entitled to up to a maximum of $40,000.00 in reasonable

21   fees and expenses for administering the Settlement as set forth herein, payable from the Maximum

22   Settlement Amount, subject to Court approval. Should Class Counsel and/or the Claims

23   Administrator request a lesser amount, or the Court approves a lesser amount fees and expenses for

24   administering the Settlement, the difference between the lesser amount and the maximum amount

25   set forth above shall be added to the Net Settlement Amount.

26

27   [1] There will be two different Notices—one for those individuals who fall within both the FLSA

28   Collective Subclass and the Rule 23 Settlement Subclass, and one for individuals who only fall

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Wells Fargo Tower

Suite 1500, 3800 Howard Hughes Parkway

Las Vegas, NV 89169

- 14 -

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Wells Fargo Tower

Suite 1500, 3800 Howard Hughes Parkway

Las Vegas, NV 89169

**ATTORNEYS' FEES AND COSTS**

12.    In consideration for settling this matter and in exchange for the release of claims by the Settlement Class, and subject to final approval or modification by the Court, Defendant agrees not to object to a payment of up to a maximum of one-third of the Maximum Settlement Amount, which equals Four Hundred Sixty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($466,666.67) for all current and future attorneys' fees of Class Counsel, and up to Twenty Thousand Dollars and Zero Cents ($20,000.00) in actual costs Class Counsel incurred in the Action as the "Class Counsel Award."    Defendant will not object to Class Counsel's application for attorneys' fees and litigation costs up to the maximum amounts set forth above.  The amounts set forth above will cover all work performed and all fees and costs incurred to date, and all work to be performed and all fees and costs to be incurred in connection with the approval by the Court of this Stipulation of Settlement, obtaining judgment in the Action, and any challenges, writs or appeals to the Settlement.  Should Class Counsel request a lesser amount, or the Court approves a lesser amount for the Class Counsel Award, the difference between the lesser amount and the maximum amount set forth above shall be added to the Net Settlement Amount.

13.    The attorneys' fees and litigation costs approved by the Court shall be distributed to Class Counsel by the Claims Administrator within thirty (30) calendar days of its receipt from Defendant of funds into the Settlement Account, as described in Paragraph 10(j).

**NOTICE TO THE SETTLEMENT CLASS**

14.    Notice of this Settlement shall be sent via U.S. Mail.

a.    U.S. Mail.    The Notice shall be sent by the Claims Administrator to the Class Members by first class mail based on the following procedure.  Any returned envelopes from this mailing with forwarding addresses will be used by the Claims Administrator to forward the Notice to Class Members. Within thirty (30) days are the mailing of Notices, the Claims Administrator shall send a Reminder Notice, as set forth in Exhibit D, by first class mail to the

---

within the FLSA Collective Subclass. Each version of the two Notices is set forth in **Exhibit A**.

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1   Class Members who have not yet submitted Claim Forms or Request for Exclusion/Opt-Out

2   Forms.

3         b.    <u>Case Website</u>. The Claims Administrator shall prepare a case website that

4   Class Members can visit to view the Notice and submit Claim Forms and Request for

5   Exclusion/Opt-Out Forms, and shall employ an agreed-upon means to ensure the authenticity of

6   any electronically-submitted forms.

7         c.    Within fourteen (14) calendar days of preliminary approval of this

8   Settlement by the Court, Defendant shall provide to the Claims Administrator a spreadsheet, which

9   will list for each Class Member the Class Member's name, last-known address, the state in which

10  he or she worked for Defendant, social security number, and total Qualifying Workweeks during

11  the Collective and Class Periods, respectively ("Class Member Data").   The Parties agree that

12  Class Member Data will be used only by the Claims Administrator for the sole purpose of

13  effectuating the Settlement, and will not be provided to Class Counsel.   The spreadsheet shall be

14  based on Defendant's payroll and/or personnel records and in a format reasonably acceptable to the

15  Claims Administrator.   Defendant agrees to consult with the Claims Administrator prior to the

16  production date to ensure that the format will be acceptable to the Claims Administrator.

17        i.    The Claims Administrator will run a check of the Class Members'

18  last known address against those on file with the U.S. Postal Service's National Change of Address

19  List.  Within twenty-one (21) calendar days of receipt of the Class Member Data from Defendant,

20  the Claims Administrator will mail the Notice to the Class Members. In addition to the Notice, the

21  Claims Administrator shall include in the mailing to all Class Members a Claim Form and business

22  reply mail return envelope addressed to the Administrator, and shall also include the Request for

23  Exclusion/Opt-Out Form with the mailing to each Rule 23 Settlement Subclass Member.   The

24  Class Members will have sixty (60) calendar days from the date of the Claims Administrator's

25  initial mailing of the Notice in which to postmark or electronically transmit Claim Forms, requests

26  for exclusion, or to file objections to the Stipulation of Settlement.

27        ii.    Notices returned to the Claims Administrator as non-delivered shall

28  be resent to the forwarding address, if any, on the returned envelope.   If there is no forwarding

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1 address, the Claims Administrator will do a computer search for a new address using the Class

2 Member's social security number. Said search will be performed by the Claims Administrator one

3 time per Class Member for each Notice returned without a forwarding address. Upon completion

4 of these steps by the Claims Administrator, Defendant and the Claims Administrator shall be

5 deemed to have satisfied their obligations to provide the Notice to the affected Class Member and,

6 regardless of whether the affected Class Member actually receives the Notice, the affected Class

7 Member shall remain a member of the Settlement Class and shall be bound by all the terms of the

8 Settlement and the Court's Final Order and Judgment.

9                 iii.       Class Counsel shall provide to the Court, at least seven (7) calendar

10 days before the final fairness hearing, a Declaration by the Claims Administrator of due diligence

11 and proof of mailing with regard to the mailing of the Notice.

12

13 **CLAIM PROCESS- FLSA COLLECTIVE SUBCLASS ONLY**

14       15.      Each FLSA Collective Subclass member who wishes to receive a Settlement Award

15 must complete and return a Claim Form, as provided for in the Notice, and/or must have previously

16 filed a consent form in the Action. Class Members will have sixty (60) days from the initial

17 mailing of the Claim Forms within which to postmark their Claim Forms for return to the Claims

18 Administrator or to submit their Claim Form electronically. FLSA Collective Subclass members

19 are responsible for maintaining a photocopy of the fully completed Claim Form and record of

20 proof of mailing. Claim Forms must be signed, dated, and completed in full to be valid. If a Claim

21 Form is timely received, but not completed in full, the Claims Administrator will send one

22 deficiency notice to the Class Member advising the FLSA Collective Subclass member to cure the

23 deficiency. The deficiency notice will provide the FLSA Collective Subclass member a maximum

24 of fifteen (15) calendar days from the date of mailing of the deficiency notice to cure the

25 deficiency; the completed Claim Form must be postmarked or electronically transmitted no later

26 than the fifteenth (15th) day after the date of mailing of the deficiency notice, or it must be rejected

27 as untimely by the Claims Administrator unless otherwise mutually agreed upon in writing by the

28 Parties. The Parties agree to meet and confer on late and deficient Claim Forms and may mutually

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

agree in writing to accept late or deficient Claim Forms provided good cause is shown.  The Parties further agree that the Class Representative (Plaintiff Brielle Meagher) shall have no obligation to complete and return a Claim Form in order to receive her Individual Settlement Award, her Enhancement Award, or her Individual Claims Award, though she may nevertheless do so at the request of the Claims Administrator for recordkeeping purposes, out of an abundance of caution, or for similar reasons.

**EXCLUSION/OPT-OUT PROCESS - FLSA COLLECTIVE AND RULE 23 SUBCLASSES**

16.     Rule 23 Settlement Subclass members may request to be excluded from the effect of this Agreement, and any payment of amounts under this Agreement, by submitting a Request for Exclusion/Opt-Out Form to the Claims Administrator stating that the Class Member wants to be excluded from Rule 23 Settlement Subclass, as set forth in **Exhibit C**.  Class Members will have sixty (60) calendar days from the initial mailing date of the Notice within which to postmark or electronically transmit their requests for exclusion to the Claims Administrator.  No request for exclusion will be honored if postmarked or electronically transmitted after the sixty (60) calendar-day period.  Class Members are responsible for maintaining a photocopy of the request for exclusion and record of proof of mailing.  Unless a timely and valid request for exclusion is filed consistent with the terms of this Stipulation of Settlement, the Class Member shall be bound by this Stipulation of Settlement and the Settlement Class release as provided in Paragraph 18(b) herein. The Parties agree to meet and confer if the intent of a particular request for exclusion is ambiguous and may mutually agree to accept such request for good cause shown; ambiguous does not mean untimely requests.

**OBJECTION PROCESS- FLSA COLLECTIVE AND RULE 23 SUBCLASS**

17.     Both Participating FLSA Collective Subclass Members and Rule 23 Settlement Subclass members who do not opt out may object to this Settlement.  For a Class Member to object to the Settlement, a Class Member must file with the Court, no later than the Objection Deadline, a notice of objection, signed by the Class Member or his or her counsel, stating the Class Member's: (i) name; (ii) current address; (iii) telephone number; (iv) dates of employment with Employer; and

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

1   (v) basis of the objection, and further must provide the last four digits of his or social security

2   number to the Claims Administrator upon request.  The Class Member objecting to the Settlement

3   must also serve a copy of his or her notice of objection on counsel for the Parties and the Claims

4   Administrator by the Objection Deadline.  The postmark date of the filing and service shall be

5   deemed the exclusive means for determining that the notice of objection is timely.  Class Members

6   who fail to make objections in the manner specified above shall be deemed to have waived any

7   objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to

8   the Settlement.  Class Members who file and serve timely notices of objection will have a right to

9   appear at the Court's hearing to provide final approval of the Settlement in order to have their

10  objections heard by the Court.  At no time shall any of the Parties or their counsel seek to solicit or

11  otherwise encourage Class Members to submit written objections to the Settlement or appeal from

12  the Court's Final Order and Judgment.  Class Counsel shall not represent any Class Members with

13  respect to any such objections to this Settlement.  If the Court rejects the Class Member's

14  objection, the Class Member will still be bound by the terms of this Agreement.

15          Any Class Member who does not submit a timely, valid Request for Exclusion/Opt-Out

16  Form may not object to the Settlement.

17                                          **RELEASE OF CLAIMS**

18          18.     Upon final approval by the Court of this Stipulation of Settlement, and except as to

19  such rights or claims as may be created by this Stipulation of Settlement, the Parties agree to the

20  following releases:

21          a.      FLSA Collective Subclass Members: Class Representative and each

22  Participating FLSA Collective Subclass Member shall and does hereby fully and finally release

23  and discharge Defendant and the Released Parties from any and all wage-and-hour claims arising

24  under the Fair Labor Standards Act, whether known or unknown, arising during the FLSA

25  Collective Subclass Period, and which arose out of or could have arisen out of the facts alleged in

26  this lawsuit.

27          b.      Rule 23 Settlement Subclass Members: Class Representative and each Rule

28  23 Settlement Subclass Member who has not submitted a timely and valid Request for

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Exclusion/Opt-Out Form shall and does hereby fully and finally release and discharge Defendant and the Released Parties from any and all applicable local and state law wage-and-hour claims (including, but not necessarily limited to, contractual or common law claims, waiting time penalty claims, claims arising under the Nevada Revised Statutes or Administrative Code Chapter 608 and the Nevada Constitution) asserted in or that could have been asserted in this dispute and rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising during the Rule 23 Settlement Subclass Period, and which arose out of or could have arisen out of the facts alleged in this lawsuit.

        c.    Class Representative: Subject to Court approval, in exchange for her Individual Claims Award, the Class Representative shall knowingly and voluntarily releases and forever discharges Defendant and the Released Parties of and from any and all claims, known and unknown, asserted or unasserted, which the Class Representative has or may have against Defendant and the Released Parties as of the date of execution of this Agreement, including, but not limited to all of her individual claims asserted in this Action for (a) hostile work environment/sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, (b) gender discrimination in violation of Title VII, (c) retaliation in violation of Title VII, (d) hostile work environment/sexual harassment in violation of NRS § 613.330, (e) gender discrimination in violation of NRS § 613.330, (f) retaliation in violation of NRS § 613.340, (g) constructive discharge, (h) intentional infliction of emotional distress, and (i) negligent retention, supervision and training of supervisors and managers, as well as any alleged violation of the following, as amended:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Genetic Information Nondiscrimination Act;

- The Equal Pay Act;

- The Sarbanes-Oxley Act retaliation provisions;

- The False Claims Act retaliation provisions;

- The Dodd-Frank Wall Street Reform and Consumer Protection Act retaliation provisions;

- NRS §613.310 et seq, Equal Opportunities for Employment ;

- NRS §608.017, Discrimination On Basis of Sex (in compensation);

- NRS §392.920,  Terminating or threatening to terminate employment of parent, guardian or custodian of child for appearance or notification concerning child;

- NRS  §608, Compensation, Wages and Hours;

- NRS §618, Nevada Occupational Safety & Health Act;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law, including, without limitation, breach of contract, breach of a covenant of good faith and fair dealing, interference with business opportunity or contracts, negligence, misrepresentation, fraud, detrimental reliance, personal injury, assault, battery, defamation, false light, invasion of privacy, infliction of emotional distress, retaliation, constructive discharge, or wrongful discharge;

- any basis for recovering costs, fees, or other expenses, including attorneys' fees incurred in these matters.

d.    Class Representative is not waiving any rights she may have to: (a) her own vested or accrued employee benefits under Employer's health, welfare, or retirement plans as of the separation of her employment; (b) benefits and/or the right to seek benefits under applicable

- 21 -

1  workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by

2  law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) to

3  challenge the validity of this Agreement.

4         e.     Notwithstanding the foregoing, nothing in this Agreement releases any

5  claims that cannot be released as a matter of law.

6  **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

7        19.     Within fourteen (14) calendar days from execution of this Stipulation of Settlement,

8  Class Counsel shall file a Joint Motion for Preliminary Approval of Class Action Settlement,

9  submit this Stipulation of Settlement, and request a determination by the Court as to the

10  Settlement's fairness, adequacy, and reasonableness.  In so doing, Class Counsel shall apply to the

11  Court for the entry of the Preliminary Approval Order substantially in the following form and as

12  attached hereto as **Exhibit E**:

13        a.     Scheduling a final fairness hearing on the question of whether the proposed

14  Settlement, including payment of attorneys' fees and costs, costs of administration, and the

15  Enhancement Award should be finally approved as fair, reasonable, and adequate as to the

16  members of the Settlement Class, to occur approximately seventy-five (75) days after the Court's

17  Preliminary Approval Order;

18        b.     Certifying the Settlement Class, Plaintiff as Class Representative and Don

19  Springmeyer, Nicholas R. Conlon and Zijian Guan as Class Counsel;

20        c.     Approving as to form and content (1) the proposed Notices attached hereto

21  as **Exhibit A**, and (2) the Claim Form attached hereto as **Exhibit B**;

22        d.     Approving the manner and method for Class Members to request exclusion

23  from the Settlement as contained herein and within the Notice;

24        e.     Directing Defendant to produce the Class Data within fourteen (14) days;

25        f.     Directing the mailing of the Notice, Claim Forms, Exclusion/Opt Out

26  Forms, and Reminder Notice by first class mail to the Class Members;

27        g.     Preliminarily approving the Settlement subject only to the objections of

28  Class Members and final review by the Court;

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

h. Enjoining Plaintiff and all Class Members from filing or prosecuting any other cases, claims, suits or administrative proceedings (including filing claims with the Nevada Office of the Labor Commissioner) regarding claims released by the Settlement unless and until such Class Members have filed valid Requests for Exclusion/Opt Out Form with the Claims Administrator and the time for filing claims with the Claims Administrator has lapsed;

i. Directing Defendant to fund Five Hundred Thousand Dollars and Zero Cents ($500,000.00) of the Total Settlement Amount in a qualified settlement fund established by the Claims Administrator within fourteen (14) days of the preliminary approval order; and

j. To effectuate the Settlement, the Parties agree all formal and informal discovery shall be stayed pending Court approval of the Settlement. The Parties also agree that all Court deadlines be continued pending preliminary approval of the Settlement.

## DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

20. Following final approval by the Court of the Settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed Court's Final Order and Judgment in substantially the form attached hereto as **Exhibit F**:

a. Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b. Approving Class Counsel's application for an award of attorneys' fees and litigation costs not to exceed the maximum amount set forth herein;

c. Approving the Enhancement Award to the Class Representative not to exceed the maximum amount set forth herein;

d. Approving the Individual Claims Award to the Class Representative not to exceed the maximum amount set forth herein;

e. Approving the reasonable fees and expenses of the Claims Administrator;

f. Directing Defendant to fund the Net Settlement Amount claimed by Settlement Class Members no later than fourteen (14) days following the Effective Date; and

g. Entering judgment of the Action on the merits, and permanently barring and enjoining all members of the Settlement Class from prosecuting against Defendant or any Released

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

- 23 -

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Suite 1500, 3800 Howard Hughes Parkway
Wells Fargo Tower
Las Vegas, NV 89169

1  Party, any individual, or Class or collective claims released herein, pursuant to Paragraph 18

2  above, upon satisfaction of all payments and obligations hereunder.

3  **CAFA NOTICE**

4  21.    Within 10 days of receiving notice of filing of a motion for preliminary approval of

5  this Stipulation, Defendant shall mail notice of this Stipulation to the appropriate federal and state

6  agencies as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) (CAFA).

7  **PARTIES' AUTHORITY**

8  22.    The signatories hereto hereby represent that they are fully authorized to enter into

9  this Stipulation of Settlement and bind the Parties hereto to the terms and conditions thereof.

10  **MUTUAL FULL COOPERATION**

11  23.    The Parties agree to fully cooperate with each other to accomplish the terms of this

12  Stipulation of Settlement including, but not limited to, execution of such documents and taking

13  such other action as reasonably may be necessary to implement the terms of this Stipulation of

14  Settlement.  The Parties to this Stipulation of Settlement shall use their reasonable best efforts

15  including all efforts contemplated by this Stipulation of Settlement and any other efforts that may

16  become necessary by order of the Court or otherwise to effectuate this Stipulation of Settlement

17  and the terms set forth herein.  As soon as practicable after execution of this Stipulation of

18  Settlement, Class Counsel shall, with the assistance and cooperation of Defendant and its counsel,

19  take all necessary steps to secure the Court's final approval of this Stipulation of Settlement.

20  **NO PRIOR ASSIGNMENTS**

21  24.    The Parties and their respective counsel represent, covenant and warrant that they

22  have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or

23  encumber to any person or entity any portion of any liability, claim, demand, action, cause of

24  action or right herein released and discharged.

25  **NO ADMISSION**

26  25.    Nothing contained herein, nor the consummation of this Stipulation of Settlement, is

27  to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the

28  part of Defendant or Plaintiff.  Each of the Parties hereto has entered into this Stipulation of

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

**ENFORCEMENT ACTIONS**

26.    In the event one or more of the Parties to this Stipulation of Settlement institutes any legal action or other proceeding against any other arty or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights or obligations under this Stipulation of Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

**NOTICES**

27.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the first business day after mailing by overnight courier with confirmed delivery, addressed as follows:

To Plaintiff and the Settlement Class:

Nicholas R. Conlon
Zijian GuanBrown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ  07310

Don Springmeyer
Kemp Jones, LLP
3800 Howard Hughes Parkway
Wells Fargo Tower, 17th Floor
Las Vegas, NV  89169

To Defendant:

Anthony L. Martin
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135

**CONSTRUCTION**

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

28.     The Parties agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation of Settlement.

## CAPTIONS AND INTERPRETATIONS

29.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Stipulation of Settlement or any provision of it.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

30.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

31.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the Settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

32.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns; provided, however, that a Party's rights and obligations hereunder may not be assigned or delegated without the express prior written consent of the other Parties.

## CLASS MEMBER SIGNATORIES

33.     It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice will

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171

advise all Class Members of the binding nature of the release, and the release shall have the same

force and effect as if this Stipulation of Settlement were executed by each Class Member.

### COUNTERPARTS

34.    This Stipulation of Settlement may be executed in counterparts and by facsimile and

digital signatures, and when each Party has signed and delivered at least one such counterpart, each

counterpart, including email and PDF versions, shall be deemed an original and, when taken

together with other signed counterparts, shall constitute one Stipulation of Settlement binding upon

and effective as to all Parties.

### NO ADVERSE OR RETALIATORY ACTION

35.    Defendant and the Released Parties will not take any adverse or retaliatory action

against the Class Representative nor any participating Class Member.

[this space intentionally left blank]

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this

Stipulation of Settlement as of the date(s) set forth below:

**Plaintiff/Class Representative**

DATED: ___10 / 05 / 2023___

Plaintiff Brielle Meagher

By: _____

Brielle Meagher

**Class Counsel**

DATED: ___10 / 05 / 2023___

Brown, LLC

By: *Nicholas Conlon*

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169

1

2

Nicholas R. Conlon

3   DATED:  10 / 05 / 2023

4

5

Kemp Jones, LLP

By:  *Don Springmeyer*

Don Springmeyer

6   **Defendant**

7

8   DATED:  10/23/2023

9

10

TELUS International (U.S.) Corp.

By:  Michael Kingman

464BD040C31E44C...

Its:  CIO

11

12   **Counsel for Defendant**

13   DATED:  10/23/2023

14

15

16

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

By: _____

Anthony L. Martin

17

50062655.1

18

50143688.1

19

20

21

22

23

24

25

26

27

28

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV  89169

Doc ID: 8badb3cf8248e98c22c708b176a0d54dff573171